**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON TOMLINSON and THE TOMLINSON LAW GROUP,<br><br>Plaintiffs,<br><br>v.<br><br>MAHER ASI-MAHMOUD,<br><br>Defendant. | Civil Action No. 25-12241 (RK) (JTQ)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Default Judgment filed by Plaintiffs Brandon Tomlinson and the Tomlinson Law Group ("Plaintiffs") against Defendant Maher Asi-Mahmoud ("Defendant"). ("Motion," ECF No. 16.) The Court has considered Plaintiffs' Motion and accompanying submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' Motion is **DENIED** and their Complaint, ("Compl.," ECF No. 1), is **DISMISSED WITHOUT PREJUDICE**.

Facts and Procedural History

On June 27, 2025, Plaintiffs filed this action against Defendant, seeking to recover unpaid legal fees.[1] (*See generally* Compl.) According to Plaintiffs, the parties contracted on April 2, 2021 (the "Contract") for Plaintiffs to represent Defendant in connection with Defendant's unspecified

---

[1] Although the Complaint refers throughout to only a singular "Plaintiff,"—presumably "The Tomlinson Law Group" discussed under "Parties"—Plaintiffs have filed this action with *both* "Brandon Tomlinson, and The Tomlinson Law Group" as evidenced by the plural "Plaintiffs" in the case caption and Civil Cover Sheet. (*See* Compl. ¶ 1; ECF No. 1-1.)

legal claim against Cambridge Financial Insurance Company.[2] (*Id.* ¶ 5.) Under the Contract, Defendant "agreed to pay Plaintiff a fee calculated on the gross amount of the proceeds of any recovery (before cost and expenses were deducted)." (*Id.*) According to the Complaint, on April 28, 2021, Defendant entered into a "co-counsel" agreement with Plaintiff The Tomlinson Law Group (the "TLG") and Merlin Law Group. (*Id.* ¶ 6.) As part of this co-counsel agreement, Defendant agreed to pay (1) twenty percent of all "new monies recovered *prior* to litigation, plus costs and fees" and (2) thirty-three percent "of all sums recovered, plus the costs, *after* the commencement of litigation." (*Id.* ¶¶ 7–8 (emphasis added).) Claiming that they duly performed their obligations, Plaintiffs allege that Defendant "breached the Contract by failing to pay the remaining amount due under the agreement," alleged as $112,910.23.[3] (*Id.* ¶¶ 10–11.)

Defendant has not filed an answer and has not otherwise appeared in this action. On October 6, 2025, Plaintiffs requested an entry of default as to Defendant pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), which was entered by the Clerk of Court on October 7. (ECF No. 14; Docket Entry dated Oct. 7, 2025.) On November 7, Plaintiffs filed the instant Motion for Default Judgment pursuant to Rule 55(b). (ECF No. 16.)

Plaintiffs' Complaint—invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)—alleges that the TLG is "a legal entity residing or having a principal place of business

---

[2] Plaintiffs provide no details whatsoever regarding the lawsuit, its outcome, or the nature of the representation in the Complaint. (*See generally* Compl.) Plaintiffs' Motion for Alternative Service of Process, however, clarifies that the lawsuit "pertain[ed] to Defendant's primary home . . . being burned down." (ECF No. 9 at 1.) It is also unclear whether the purported damages amount of $112,910.23 is the entire amount due Plaintiffs, or the amount from which a certain *percentage* is alleged due and owing to Plaintiffs. If the latter, of course, it may not meet the required threshold of "exceeds the sum or value of $75,000" for diversity jurisdiction purposes. 28 U.S.C. 1332(a).

[3] While not relevant to deciding the instant Motion, Plaintiffs are not specific as to precisely which of the two discussed contractual agreements Defendant breached. Based on the Complaint, Defendant allegedly owes fees pursuant to both the original April 2 Contract with the TLG *and* the April 28 co-counsel agreement with both the TLG and Merlin Law Group. (Compl. ¶¶ 5–8.) However, Plaintiffs offer no insight as to how the $112,910.23 is divided between the obligations of the two agreements.

at 7301 Wiles Road, Suite 107- Coral Springs, in the State of New Florida." (Compl. ¶¶ 1, 3.) The Court notes that "New Florida" is not one of the recognized United States of America. *List of states and territories of the United States*, Wikipedia (Sept. 30, 2025 at 15:34 UTC), https://en.wikipedia.org/wiki/List_of_states_and_territories_of_the_United_States. Plaintiffs allege that Defendant "is a natural person residing at 10 Alex Drive, Farmingdale, New Jersey." (*Id.* ¶ 2.) Plaintiffs provide no information about Plaintiff Brandon Tomlinson. (*See generally id.*)

After Plaintiffs filed this action, they repeatedly attempted to serve Defendant with process through traditional means. (ECF Nos. 7, 9 at 1.) On July 30, Plaintiffs also attempted to conduct a "Skip Trace" to help serve Defendant to no avail. (ECF No. 9-1 at 6.) On August 22, 2025 Plaintiffs filed a still-pending Motion for Alternative Service requesting leave of Court "to serve Defendant by email," as Defendant had previously responded via email to Plaintiffs' counsel a month prior.[4] (ECF Nos. 7, 9 at 1–2.) However, on September 16, before the Court could resolve the Motion for Alternative Service, Plaintiffs filed a declaration from a process server claiming to have served Defendant through his brother, Manssur Asi-Mahmoud, at a specified address in in Clifton, New Jersey on September 12.[5] (ECF No. 12.)

Legal Discussion

Rule 55 permits a party to apply for and the court to enter default judgment against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55(b)(2). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits . . . .'" *Chanel, Inc. v. Gordashevsky*,

---

[4] Plaintiffs filed their Motion for Alternative Service under seal pursuant to Local Civil Rule 5.3 to protect the "confidential information" and "private addresses" of Defendant and his family. (ECF No. 11.)

[5] Notably, Plaintiffs allege in their Complaint and Motion for Alternative Service of Process that Defendant lives at a specified address in Farmingdale, New Jersey. (Compl. ¶ 2; ECF No. 9 at 1.)

3

558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). "Because the entry of a default judgment prevents the resolution of claims on the merits, '[the United States Court of Appeals for the Third Circuit] does not favor entry of defaults and default judgments.'" *Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)). Before entering a default judgment pursuant to Rule 55(b), a court must confirm that it has subject matter jurisdiction over the dispute. *See Wilmington Sav Fund Soc'y, FSB v. Left Field Props., L.L.C.*, No. 10-4061, 2011 WL 2470672, at *1–*2 (D.N.J. June 20, 2011).

Here, Plaintiffs filed a one-paged, untitled Motion, without a required Notice of Motion, which seeks default judgment against Defendant. (ECF No. 16); L. Civ. R. 7.1(b)(2). This skeletal filing is woefully deficient. For example, Plaintiffs fail to provide support for: (1) the Court's subject matter jurisdiction over the dispute and personal jurisdiction over Defendant, *Wilmington Sav Fund Soc'y*, 2011 WL 2470672, at *1–*2, (2) the sufficiency of the Complaint, *Chanel, Inc.*, 558 F. Supp. 2d at 536 (citing *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)), (3) an award in light of various default judgment factors, *Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *7 (D.N.J. Apr. 20, 2021) (citing *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015)), and (4) proof of damages, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). A cursory review of any number of this Court's prior opinions in other matters involving default judgment applications, readily available to the public on Westlaw, Bloomberg, and Lexis, set forth, in detail, the litany of findings necessitated by issuing a default judgment under Rule 55(b). *See United States v. 24th Street, Inc.*, No. 18-15446, 2025 WL 3180269 (D.N.J.

Nov. 13, 2025); *United States v. Mamone*, No. 21-20339, 2025 WL 1531325 (D.N.J. May 29, 2025); *United States v. Mamone*, No. 21-20339, 2024 WL 2260934 (D.N.J. May 17, 2024).

At the outset, because Plaintiffs fail to adequately plead subject matter jurisdiction in their Complaint, the Court must deny the instant Motion.[6] The Court's jurisdiction for cases in diversity arises under 28 U.S.C. § 1332(a), which grants district courts with subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 553 (2005)).

A party invoking diversity jurisdiction must assert the complete diversity between plaintiffs and defendants. *See id.* Per the Third Circuit, "[m]ost rules of citizenship are well established:" (1) natural persons are citizens of the state where he or she is domiciled; (2) corporations are citizens of each state where it is incorporated and of the state where it has its principal place of business; (3) a partnership "takes on the citizenship of each of its partners;" and (4) a limited liability corporation's (LLC) citizenship "is determined by the citizenship of its members." *See id.* at 419–20. On a motion for default judgment, a plaintiff's failure to plead diversity of citizenship in the

---

[6] Although the Court dismisses on jurisdictional grounds, Plaintiffs' Motion and Complaint potentially contain other fatal issues. For example, it remains unclear if Plaintiffs properly served Defendant. Plaintiffs assert, based on the "Return of Service" declaration of a process server, that it served Defendant through his brother, Manssur Asi-Mahmoud. (Mot.; ECF No. 12.) While the process server checked a box indicating that he effected service by leaving necessary copies "at the defendant's dwelling house or place of business with a person of suitable age and discretion therein," the listed address in Clifton, New Jersey is not listed as Defendant's home address in the Complaint. (ECF No. 12; Compl. ¶ 2.) It is unclear from the record how Defendant's brother is authorized to receive service on Defendant's behalf at a different address than Defendant's "dwelling or usual place of abode" under the Federal Rules or New Jersey law. Fed. R. Civ. P. 4(e)(2); N.J. Ct. R. 4:4-4(a)(1); *see State Farm Indem. Co. v. Houtsma*, No. 25-745, 2025 WL 3157875, at *2 (D.N.J. Nov. 12, 2025).

complaint requires the reviewing court to deny the motion and dismiss the complaint. *See, e.g., Wilmington Sav. Fund Soc'y*, 2011 WL 2470672, at *2.

Plaintiffs do not adequately plead diversity of citizenship. As an initial matter, Plaintiffs—having named both Brandon Tomlinson *and* the TLG as plaintiffs—have only attempted to provide the citizenship of the TLG, not for Mr. Tomlinson himself, and even that failed. (*See* Compl. ¶ 1.) "New Florida" is not a state. If "New Florida," for example, is actually "New Jersey," diversity jurisdiction plainly does not exist. Plaintiffs' assertion of the TLG's citizenship is independently sufficient to deny the Motion. (*Id.*) Additionally, Plaintiffs have not explained what kind of "legal entity" TLG is. (*Id.*) This omission is equally fatal: Without an indication of the TLG's entity status—partnership, LLC, or otherwise—"it is impossible to gauge citizenship." *Republic Bank of Chi. v. Comer Grp. Inc.*, No. 21-13185, 2021 WL 5168490, at *1 (D.N.J. July 7, 2021) (quoting *Republic Bank of Chi. v. Gehrisch Ins. & Fin. Servs.*, No. 21-415, 2021 WL 2258421, at *1 (M.D. Fla. June 3, 2021)). Depending on the TLG's form, Plaintiffs need to assert further information about the citizenship of its partners, members, or otherwise. *Zambelli*, 592 F.3d at 419–20. Accordingly, given Plaintiffs' failure to plead complete diversity of the parties, among other patent deficiencies, the instant Motion for Default Judgment is **DENIED** and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.[7]

Therefore, **IT IS** on this 15th day of December, 2025,

**ORDERED** that Plaintiffs' Motion for Default Judgment, (ECF No. 16), is **DENIED**, Plaintiffs' Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE**, and Plaintiffs' Motion for Alternative Service of Process, (ECF No. 9), is **DENIED AS MOOT**;

---

[7] Because the Court dismisses Plaintiffs' Complaint, its pending Motion for Alternative Service of Process of that Complaint is also denied as moot. (ECF No. 9.)

**ORDERED** that the Clerk of the Court **TERMINATE** the Motions pending at ECF Nos. 9 and 16.

    ROBERT KIRSCH
    UNITED STATES DISTRICT JUDGE

Dated: December 15, 2025